IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No: 1:22-CV-463

| | |
|---|---|
| CAROLINA FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA GUZMAN, *in her Official Capacity as Administrator of the Small Business Administration*; *and* THE UNITED STATES OF AMERICA,<br><br>Defendants. | **DECLARATORY JUDGMENT COMPLAINT AND PETITION FOR JUDICIAL REVIEW** |

Plaintiff Carolina Finance, LLC ("Carolina Finance" or the "Plaintiff") complaining of Defendants United Sates Small Business Administration, Isabella Guzman, Administrator, and the United States of America, alleges and says as follows:

## INTRODUCTION

1. This is an action which seeks judicial review of the legally erroneous and arbitrary and capricious decision by Defendant United States Small Business Administration and its Administrator to deny forgiveness to Carolina Finance of a Paycheck Protection Program ("PPP") loan it obtained pursuant to the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The Court should review and reverse the SBA's decision and direct it to forgive Carolina Finance's PPP loan.

1

## THE PARTIES

2. Plaintiff Carolina Finance, LLC is a limited liability company organized under the laws of North Carolina with its principal place of business located in Greensboro, Guilford County, North Carolina. Carolina Finance is engaged in the business of providing consumer loans primarily for automobile financing.

3. Defendant United States Small Business Administration ("SBA") is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 *et seq*. Under the CARES Act, the SBA administers the PPP.

4. Defendant Isabella Casillas Guzman (the "Administrator") is the Administrator of the SBA and is sued in her official capacity only, as the Administrator of the SBA. Authority to sue the Administrator is granted by 15 U.S.C. § 634(b).

5. Defendant United States of America ("United States") is named as a party pursuant to 5 U.S.C. §§ 702, 703. The actions complained of were taken by the United States through its officials or agencies, including the SBA and the Administrator.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this dispute under 28 U.S.C. §§ 1331, 1346(a)(2), 1361 and/or 2201. Authority for judicial review of agency action is further provided by 5 U.S.C. § 702.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C § 703 because the Plaintiff resides in this judicial district.

4896-0087-5813.v5

# FACTS

## I. Congress Enacts The CARES Act.

8. In March 2020, in order to mitigate the economic crisis caused by the COVID-19 pandemic, Congress established the PPP loan program pursuant to Sections 1102 and 1106 of the CARES Act to provide emergency relief to the millions of Americans employed by small businesses. Congress designed the PPP loan provisions of the CARES Act to achieve that aim by authorizing the SBA to guarantee and forgive billions of dollars of loans to small businesses.

9. Section 1106 of the Cares Act, as amended by the Paycheck Protection Program Flexibility Act (the "Flexibility Act"), Pub. L. No. 116-142, 134 Stat. 641 (2020), sets out the conditions of loan forgiveness for PPP loan recipients. "An eligible recipient shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds are used for certain payroll expenses. 15 U.S.C. § 636m(b), (d). The SBA is required to reimburse the private lender for any PPP loan determined eligible for forgiveness. 15 U.S.C. § 636m(c)(3). PPP loan recipients must submit applications to the SBA to be considered for forgiveness and the SBA must forgive the PPP loan if the borrower was an "eligible recipient" of the PPP loan.

10. Historically, the SBA has excluded certain types of small businesses from eligibility for other SBA lending programs. Aware of this exclusion, Congress deliberately expanded the classes of businesses eligible for forgivable PPP loans.

11. Specifically, in the section of the CARES Act titled "Increased Eligibility for Certain Small Businesses and Organizations," Congress broadened the class of businesses eligible to receive SBA financial assistance PPP loans. 15 U.S.C. § 636(a)(36)(D).

12. Congress specifically and unambiguously provided that "***any business concern*** . . . shall be eligible" for PPP loans, and the subsequent forgiveness thereof, if it met the criteria for forgiveness. 15 U.S.C. § 636(a)(35)(D)(i) (emphasis added).

## II. Carolina Finance Obtains a PPP loan Consistent with Congressional Intent.

13. Business concerns such as Carolina Finance are so important to the United States economy, the Department of Homeland Security's Cybersecurity and Infrastructure Security Agency (CISA) deemed "financial services and lending services" to be a vital component in the nation's critical infrastructure at the onset of the COVID-19 pandemic.[1]

14. The auto loan services provided by Carolina Finance helped increase levels of financial inclusion and mobility during an unprecedented time.

15. Consistent with and in furtherance of that policy, on May 1, 2020, Plaintiff Carolina Finance was approved by the SBA for a PPP loan (SBA Loan No. 4544647702) in the amount of $755,111.000 (the "PPP Loan") and obtained the PPP Loan from Wells Fargo Bank, N.A.

---

[1] Krebs, Christopher C. (CISA Director), *Advisory Memorandum on Identification of Essential Critical Infrastructure Workers During COVID-19 Response.* U.S. Dept. of Homeland Security. May 19, 2020. Available at: https://www.cisa.gov/sites/default/files/publications/Version_3.1_CISA_Guidance_on_Essential_Critical_Infrastructure_Workers.pdf

16. Carolina Finance applied for the PPP Loan for the exact purposes envisioned by Congress in the CARES Act and utilized the PPP Loan proceeds exactly as intended by Congress: to protect the continued employment of its employees.

### III. SBA Wrongfully Denies Forgiveness of Carolina Finance's PPP Loan.

17. On or about March 23, 2021, Carolina Finance timely submitted an application to the SBA for forgiveness of the PPP Loan.

18. On January 5, 2022, the SBA issued its decision on Carolina Finance's forgiveness application to the lender, Wells Fargo Bank, N.A., denying Carolina Finance's request for forgiveness of the PPP Loan (the "Forgiveness Decision"). The SBA determined that "the borrower was ineligible for the PPP loan" because:

> Borrower is a financial business primarily engaged in lending, investments or an ineligible business engaged in financing or factoring. It has been determined that the Borrower was an ineligible entity at the time of application. Research shows the borrower information such as its NAICS code, name, and/or business activities indicates it to be ineligible per 13 C.F.R. § 120.110(b).

A true and accurate copy of the Forgiveness Decision is attached hereto as **Exhibit A** and is incorporated herein by reference.

19. The SBA did not rely on any criteria of the CARES Act to support its decision to deny forgiveness.

20. The SBA found no fault with the size of Carolina Finance as a small business, the amount of the PPP Loan, or the uses of the PPP Loan funds by Carolina Finance.

21. The SBA likewise found no fault with the form or content of Carolina Finance's forgiveness application.

22. The SBA's sole and exclusive basis for the Forgiveness Decision was its determination that Carolina Finance was "primarily engaged in lending" under 13 C.F.R. § 120.110(b) and thus, according to the SBA, was ineligible for the PPP loan.

23. Following the Forgiveness Decision, Carolina Finance timely pursued and exhausted the available administrative remedies.

24. Specifically, on February 1, 2022, Carolina Finance timely filed a Petition for Appeal with the Office of Hearings and Appeals ("OHA"), an independent office within the SBA, pursuant to 13 C.F.R. § 134.1201(b) of the PPP Appeal Procedure.

25. On April 18, 2022, the OHA issued its decision affirming the SBA's Forgiveness Decision ("OHA Decision"), stating that "[t]he SBA has the regulatory authority to determine eligibility under the PPP," and finding that Carolina Finance was an ineligible business under the SBA's historical regulations, codified at 13 C.F.R. § 120.110. A true and accurate copy of the OHA Decision is attached hereto as **Exhibit B** and is incorporated herein by reference. The OHA Decision became final on May 18, 2022.

26. Both the Forgiveness Decision and the OHA Decision were contrary to applicable law and in excess of the SBA's statutory authority.

27. Both the Forgiveness Decision and OHA Decision were arbitrary and capricious.

## IV. SBA's Final Agency Action was Contrary to Law and Short of Carolina Finance's Statutory Rights.

28. Despite the clear direction that Congress intended for "all business concerns" to be eligible for PPP loans, in April 2020, the SBA adopted an Interim Final Rule that improperly imposed its agency-developed, pre-COVID-19, pre-CARES Act SBA loan eligibility exclusions onto PPP eligibility.

29. The historic SBA exclusions excluded a wide range of businesses including banks, real-estate developers, churches, finance companies, gambling establishments, adult entertainment businesses, and life insurance companies (the "Exclusion Rule").

30. Whether or not the Exclusion Rule is within SBA's statutory authority prior to the CARES Act is not at issue in this case. Instead, this action challenges the applicability of the agency-developed Exclusion Rule to the PPP program under the CARES Act.

31. SBA's application of the Exclusion Rule to the CARES Act is contrary to the plain text, purpose, and context of the CARES Act. Specifically, the application of the Exclusion Rule contradicts 15 U.S.C. § 636(a)(35)(D)(i) which makes "all business concerns" eligible for PPP loans.

32. It is axiomatic that an agency, through regulation, cannot overrule Congress's intent expressed in statute.

33. Congress' expansive intent in the CARES Act as it relates to PPP loan process is further evidenced by its second PPP loan authorization where the eligibility requirements were statutorily restricted.

34. In a December 2020 amendment of the CARES Act (the "2020 Amendment"), Congress authorized a second-draw PPP loan. The 2020 Amendment reflects clear and unambiguous differences in the statutory language for the second-draw PPP loans and the first-draw PPP loans, reflecting Congress' intent and the SBA's error.

35. More precisely, although the first-draw PPP loans were available to "any business concern," 15 U.S.C. § 636(a)(35)(D)(i), Congress expressly excluded from eligibility for <u>second-draw</u> PPP loans any business described in 13 C.F.R. § 120.110, including "financial businesses primarily engaged in the business of lending" such as Carolina Finance. *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, 134 Stat. 1182 (December 27, 2020).

36. In effect, Congress statutorily adopted the policy from the Exclusion Rule for second-draw PPP loans. That change in statutory language indicates that Congress specifically intended those exclusions not to apply to <u>first-draw</u> PPP loans.

37. Carolina Finance's PPP Loan was a first-draw PPP loan approved on May 1, 2020. Later legislation regarding second-draw PPP loans does not apply.

38. The SBA's Forgiveness Decision and OHA Decision effectively ignore the differing statutory language between first-draw and second-draw PPP loans despite their clear differences.

39. Accordingly, the SBA's exclusion of a "financial business primarily engaged in lending" from eligibility for a forgivable first-draw PPP loan violates 5 U.S.C. § 706(2) and improperly treats Carolina Finance's PPP Loan as a second-draw PPP loan.

8
4896-0087-5813.v5

Case 1:22-cv-00463-TDS-JEP   Document 1   Filed 06/17/22   Page 8 of 15

40. The SBA's erroneous interpretation of the CARES Act as applied to first-draw PPP loans in the Interim Final Rule forms the basis of both the Forgiveness Decision and the OHA Decision, which taken together deny forgiveness for the PPP loan received by Carolina Finance, to which Carolina Finance is so entitled.

41. SBA's decisions were legally erroneous. The Court should reverse the Forgiveness Decision and OHA Decision, hold that the decisions were unlawful as "not in accordance with law," 5 U.S.C. § 706(2)(A), and set aside the Forgiveness Decision and OHA Decision.

42. Additionally, because the Exclusion Rule rendered Carolina Finance ineligible for its first-draw PPP loan and loan forgiveness in clear violation of the CARES Act, the Court should declare the SBA, in reaching its final agency decision, acted in excess of its statutory jurisdiction [or] authority or short of statutory right" and thus should be set aside. *See* 5 U.S.C. § 706(2)(C).

**V. SBA's decision was Arbitrary and Capricious and an Abuse of Discretion.**

43. The SBA compounded its legal error by arbitrarily and capriciously discriminating against Carolina Finance. Specifically, SBA denied forgiveness to Carolina Finance while forgiving PPP loans of other finance companies.

44. SBA further acted arbitrarily and capriciously by also discriminating against Carolina Finance and other businesses involved in consumer financing by arbitrarily eliminating (or not enforcing) the exclusion for certain types of business concerns such as

9

4896-0087-5813.v5

Case 1:22-cv-00463-TDS-JEP   Document 1   Filed 06/17/22   Page 9 of 15

casinos and adult entertainment businesses, while maintaining the Exclusion Rule against other traditionally ineligible businesses.

45. There is nothing in the CARES Act which authorized the SBA to haphazardly pick and choose which types of businesses to exempt from or subject to its Exclusion Rule.

46. The arbitrary and capricious nature of the Forgiveness Decision is evidenced by the fact that financial entities conducting the same or substantially similar business as Carolina Finance in all material relevant respects applied for and received forgiveness from the SBA on their PPP loans. SBA PPP Loan Data reflecting forgiveness decisions is attached hereto as **Exhibit C** and is incorporated herein by reference.

47. Multiple North Carolina entities originating auto and other consumer loans, classified under the same NAICS code as Carolina Finance, and containing "Finance" or "Financial" in the name of the entity all received PPP forgiveness. *Id.*

48. The SBA's decision to forgive some but not all loans of similarly situated borrowers was arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A).

49. In the alternative, to the extent the relevant statutes grant the SBA discretion with respect to eligibility for forgiveness of first-draw PPP loans, the SBA has abused its discretion in violation of 5 U.S.C. § 706(2)(A).

50. Furthermore, the SBA has acted in an arbitrary and capricious manner by forgiving PPP loans made to some historically ineligible businesses while denying the same forgiveness to other historically ineligible businesses.

51. 13 C.F.R. § 120.110(b), which the SBA has purported to apply to all PPP loans per the Interim Final Rule, dictates that non-profit businesses, businesses deriving more than one-third of gross annual revenue from legal gambling activities, and businesses which present live performances of a prurient sexual nature are excluded from eligibility for SBA loans. *See* 13 C.F.R. § 120.110(a), (g), and (p).

52. Despite the supposed clarity of the Exclusion Rule, the SBA has arbitrarily and capriciously, without any meaningful explanation or rationale, made special exception to the Exclusion Rule for businesses presenting live performances of a prurient sexual nature, "without regard to their ineligibility under 13 C.F.R. § 120.110" and forgiven PPP loans to those types of business. Documents reflecting the SBA's decision in an SBA court filing are attached hereto as **Exhibit D** and are incorporated herein by reference.

53. The SBA has likewise arbitrarily and capriciously, without any meaningful explanation or rationale, made special exception to the Exclusion Rule for casinos and other establishments deriving more than one-third of their gross revenue from gambling and forgiven PPP loans to those types of businesses. *See* Business Loan Temporary Changes; Paycheck Protection Program – Requirements – Promissory Notes, Authorizations, Affiliation, and Eligibility, 85 Fed. Reg. 23450, 23451 (Apr. 28, 2020).

54. The SBA explained that it would allow gambling businesses to participate in the PPP because it "believes this approach is more consistent with the policy aim of making PPP loans available to a broad segment of U.S. businesses." *Id.* That same policy rationale should have been applied equally to financial services businesses such as Carolina Finance.

11

*See supra* Paragraph 13. Further, that policy rationale is, at its core, inconsistent with the SBA's application of the Exclusion Rule to first draw PPP loans through the Interim Final Rule.

55. The Forgiveness Decision and OHA Decision should be reversed and set aside as arbitrary and capricious or, alternatively, as an abuse of discretion. *See* 5 U.S.C. § 706(2)(A) and.

## FIRST CLAIM FOR RELIEF
## (JUDICIAL REVIEW)

56. The allegations contained in the foregoing paragraphs are realleged and restated herein.

57. This Court is authorized and empowered to review the Forgiveness Decision and OHA Decision for errors.

58. The Forgiveness Decision was erroneous as a matter of law, constituted arbitrary and capricious conduct by the SBA, was made based upon a rule established through an excess of statutory authorization, and constituted an abuse of discretion, all in violation of 5 U.S.C. § 706(2)(A).

59. The OHA Decision was erroneous as a matter of law, constituted arbitrary and capricious conduct by the SBA, and was made based upon a rule established through an excess of statutory authorization and short of statutory right, or, alternatively, constituted an abuse of discretion, all in violation of 5 U.S.C. § 706(2).

60. The Court should hold that the Forgiveness Decision and OHA Decision were unlawful, should set aside the Forgiveness Decision and OHA Decision, and should direct the SBA to grant forgiveness to Carolina Finance regarding its PPP Loan.

**SECOND CLAIM**
**(DECLARATORY JUDGMENT)**

61. The allegations contained in the foregoing paragraphs are realleged and restated herein.

62. There is an actual and existing controversy between the parties as to the correctness and priority of the SBA's application of the Interim Final Rule and the Exclusion Rule to first draw PPP loans.

63. The SBA's application of the Interim Final Rule and the Exclusion Rule to first draw PPP loans was legal error, was arbitrary and capricious, was made in excess of SBA's statutory authority, and constituted an abuse of discretion (to the extent it had discretion).

64. Carolina Finance is entitled to a judgment declaring that the SBA's application of the Interim Final Rule and the Exclusion Rule to its first-draw PPP loan was legal error, was arbitrary and capricious, and was made in excess of SBA's statutory authorization and short of Carolina Finance's statutory right, or, in the alternative, constituted an abuse of discretion.

65. Carolina Finance is entitled to a judgment declaring that the application of the Interim Final Rule and the Exclusion Rule to Carolina Finance's PPP Loan was error, the

resulting Forgiveness Decision and OHA Decision were issued in error, and Carolina Finance's PPP loan should be forgiven.

## PRAYER FOR RELIEF

WHEREFORE, Carolina Finance, LLC respectfully prays that the Court grant it the following relief:

1. Reverse and set aside the Forgiveness Decision and OHA Decision, and direct the SBA to issue a new decision on Carolina Finance's forgiveness application forgiving its PPP Loan;

2. Declare that the application of the Interim Final Rule and the Exclusion Rule to the Carolina Finance PPP Loan is not authorized by, and is contrary to, law;

3. Declare that the application of the Interim Final Rule and the Exclusion Rule to Carolina Finance's PPP Loan was arbitrary and capricious;

4. Declare that the application of the Interim Final Rule and the Exclusion Rule to Carolina Finance's PPP Loan was in excess of statutory authorization;

5. Declare that the application of the Interim Final Rule and the Exclusion Rule to Carolina Finance's PPP Loan was an abuse of discretion;

6. Direct Defendants to reimburse Carolina Finance for any payments it was required by its lender to make on its PPP loan as a result of the erroneous and wrongful Forgiveness Decision and OHA Decision;

7. Award costs and reasonable attorney fees to the extent permitted by law; and

8. Grant such other relief as this Court may deem just and proper.

This the 17th day of June, 2022.

>BROOKS, PIERCE, MCLENDON,
>HUMPHREY & LEONARD, LLP
>
>
>By: /s/ James C. Adams, II
>James C. Adams, II
>  N.C. State Bar No. 18063
>Post Office Box 26000
>Greensboro, NC 27420
>Telephone: (336)-271-3117
>jadams@brookspierce.com